IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

PADEN MCCULLOUGH and
FRANK BENSIECK, PLAINTIFFS,

VS. CIVIL ACTION NO. 1:05CV42-P-D

CITY OF TUPELO, MISSISSIPPI;
TUPELO LEE HUMANE SOCIETY and
SHEILA HORTON, in Her Individual
Capacity, DEFENDANTS.

**ORDER**

These matters come before the court upon Defendant Tupelo Lee Human Society's Motion to Dismiss [24-1] and Defendant Sheila Horton's Motion to Dismiss [25-1], both filed pursuant to Fed. R. Civ. P. 12(b)(6) and 56. Upon due consideration of the motions and the responses filed thereto, the court finds as follows, to-wit:

It is the purpose of a Rule 12(b)(6) motion to test the formal sufficiency of the statement for relief; it is not a procedure to be invoked to resolve a contest about the facts or the merits of a case. *E.g., Murray v. Amoco Oil Co.*, 539 F.2d 1385 (5th Cir. 1976). On a Rule 12(b)(6) motion, the court's inquiry is essentially limited to the content of the complaint. *E.g., Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994), *cert. denied* 513 U.S. 868. While deciding a Rule 12(b)(6) motion, allegations of the complaint should be construed favorably to the pleader. *Scheuer v. Rhodes*, 416 U.S. 232 (1974). A motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted. *E.g., Shipp v. McMahon*, 234 F.3d 907 (5th Cir. 2000), *cert. denied* 532 U.S. 1052.

The test usually applied to determine the sufficiency of the complaint was set out in *Conley v. Gibson*, 355 U.S. 41 (1957). Justice Black, writing for the majority, wrote:

1

> [I]n appraising the sufficiency of the complaint, we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Id.* at 45-46.

Having considered the briefs, the court concludes that dismissal of any of the plaintiffs' claims in this case is not appropriate under Rule 12(b)(6) since the arguments regarding same go to the merits of the case rather than the formal sufficiency of the complaint. Because discovery has not yet been completed regarding whether Tupelo Lee Humane Society is a governmental entity, the court declines to evaluate the defendants' current alternative motion for summary judgment. After discovery regarding this matter is complete, the defendants are free to file a motion for summary judgment at that time.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendant Tupelo Lee Human Society's Motion to Dismiss [24-1] is **DENIED**; and

(2) Defendant Sheila Horton's Motion to Dismiss [25-1] is **DENIED**.

**SO ORDERED** this the 23rd day of February, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE